| | STATE OF NEW HAMPSHIRE | |
|---|---|---|
| HILLSBOROUGH<br>NORTHERN DISTRICT | | SUPERIOR COURT<br>216-2023-CV-00138 |

William Seaver
27 Moose Brook Lane
Hancock, NH 03349

v.

Casella Sales & Marketing, Inc.
d/b/a Casella Process Solutions
246 Calef Highway, Suite 1
PO Box 59
Barrington, NH 03825

And

Fluid-Flow Products, Inc.
2108 Crown View Drive
Charlotte, NC 28227

## COMPLAINT AND REQUEST FOR JURY TRIAL

NOW COMES William Seaver, Plaintiff, by and through his attorney, Leslie H. Johnson, Esq., of the Law Office of Leslie H. Johnson, PLLC, and complains against Defendants Casella Sales & Marketing, Inc. d/b/a Casella Process Solutions; and Fluid-Flow Products, Inc., and in support thereof states as follows:

### INTRODUCTION

### PLAINTIFF REQUESTS A TRIAL BY JURY

1.  Plaintiff William Seaver (hereinafter referred to as "Mr. Seaver" or "Plaintiff") brings this action against Casella Sales & Marketing, Inc. d/b/a Casella Process Solutions; and Fluid-Flow Products, Inc, pursuant to the statutory and common laws of the State of New Hampshire and the United States, particularly RSA 354-A, and the Americans with Disabilities Act (ADA), 42 USC §12101, et seq., as amended, including the ADA Amendments Act of 2008,

1

Pub. L. No. 110-325, 122 Stat. 3553 ("ADAAA" or "amended Act")(collectively referred to as the "ADA"); and the Age Discrimination in Employment Act (ADEA)(29 USC §623(a)(1), et seq., on the basis of age discrimination.  Plaintiff also makes a claim against Defendants for violation of the FMLA, 29 U.S.C. §2601, et seq.  due to their retaliation for his apparent use thereof, and terminating him to interfere with his prospective use thereof.

2. Plaintiff also files claims for unpaid wages under RSA 279, et seq., and/or breach of contract/breach of good faith and fair dealing, for unpaid bonuses.

3. The actions described herein, and as experienced by Mr. Seaver, were contrary to RSA 354-A, *et seq*., the ADA/ADAAA, the ADEA and the FMLA.  Plaintiff seeks to recover all damages as allowed by law, and all equitable relief to which he may be entitled.

4. Mr. Seaver files his claims for discrimination, harassment/hostile environment, retaliation and termination all based on disability and/or perceived disability, and/or age discrimination which are contrary to the aforesaid statutory schemes.  Mr. Seaver claims he was retaliated against for requesting to be allowed to work within his work restrictions, and for taking time off work due to his disabilities, and for age discrimination.

**PARTIES**

5. Mr. Seaver is now a resident of 27 Moose Brook Lane, Hancock, County of Hillsborough, New Hampshire, and was a resident of 385 Highland Drive, Henniker, Merrimack County, New Hampshire, at the time all unlawful employment acts complained of were committed.  He was employed by Defendants from on or about May 1, 2018 until on or about April 8, 2020 as a Sales Specialist and then a Sales Manager.

6. Plaintiff is a person with disabilities, a record of disabilities, and/or regarded as having a disability by Defendants, and was 58 years old at the time of termination. Plaintiff was able to perform the essential functions of his job, with or without reasonable accommodations.

7. Defendant Casella Sales & Marketing., Inc. d/b/a Casella Process Solutions ("CSM" or collectively with other Defendant as "Defendants"), is a NH for profit corporation with its principal place of business at 246 Calef Highway, Suite 1, Barrington, NH 03825. Its Registered Agent is CT Corporation Systems, 2 1/2 Beacon Street, Concord, NH 03301. CSM is a subsidiary of Fluid-Flow Products, Inc. and therefore a joint employer.

8. Defendant Fluid-Flow Products, Inc. ("FFP" or collectively with other Defendant as "Defendants"), is a NC for profit corporation with its principal place of business at 2108 Crown View Drive, Charlotte, NC. The current President and CEO of FFP are the following, all with an address of 2108 Crown View, Charlotte, NC 28227: Raymond Aronoff, President; and David Patterson, CEO. As the owner of Defendant Casella "CSM", FFP was a joint employer of Plaintiff Seaver.

9. Defendants are responsible for all actions of its employees, named or unnamed herein, including those employees of related entities, who at all times were acting within the scope of their employment, under the theories of *respondeat superior* and/or vicarious liability, for all of the actions, or failures to act, which were taken/done by its supervisory employees, including Mr. Norford; and also for the Defendants' own actions and failures to act.

10. The actions described herein, and as experienced by Mr. Seaver, were contrary to RSA 354-A, *et seq*., the ADA/ADAAA, and the ADEA. Mr. Seaver was discriminated against due to his age and disabilities, which also caused his wrongful discharge.

3

EXHIBIT 1 - Page 3 of 15

## VENUE AND JURISDICTION

11. Venue and jurisdiction are proper as Plaintiff resides in Hillsborough County (Northern District).

12. Each employer has 15 or more employes, and is therefore a covered employer subject to the stated statutory schemes related to discrimination. Also, FFP has substantially more than 50 employees within a 75 mile radius in 20 or more calendar weeks of the relevant years, and Casella is believed to also meet this threshold when combined as a joint employer with FFP, for purposes of being a covered employer under the FMLA.

13. Mr. Seaver filed a timely Charge of Discrimination with the New Hampshire Commission for Human Rights ("NHCHR"), EDA(R) 0008-21 / 16D-2021-00009, on October 5, 2020. The Charge was withdrawn from the NHCHR and a Notice of Right to Sue was issued by the EEOC on November 22, 2022 and received on or about November 26, 2022. This Complaint is filed within 90 days of receipt of the Notice of Right to Sue.

## STATEMENT OF FACTS

14. Mr. Seaver worked for Defendants from approximately May 1, 2018 until on or about April 8, 2020, when he was terminated. Mr. Seaver was discriminated against on the basis of his age and disabilities, as further outlined below.

15. While Defendants are believed to be of the size to have FMLA leave options for Mr. Seaver, and he took leave time, to the best of Mr. Seaver's knowledge they did not publicize their FMLA leave policies.

16. Mr. Seaver was out of work and on leave, which was, or should have been, covered and designated as FMLA leave, due to various disabilities for a total of approximately 10 weeks during the time he was employed by Defendants, including: (a) beginning in August

2018 for approximately 6 weeks for a blood clot in his leg, (b) a few months later for his kidney for 2-3 one week periods, (c) in January 2019 for approximately one week and some additional days for kidney failure; and (d) hospitalized for diabetic shock for several days. Mr. Seaver also has Crohn's disease, Type 2 Diabetes and Melanoma. This leave time should have been, or was, designated as FMLA leave.

17. In the last quarter of 2019, Mr. Seaver attended a training seminar at Defendants' Northampton, MA facility but had to leave early for a medical appointment due to complications related to his Chron's disease. Mr. Seaver had already rescheduled the medical appointment three other times due to his work schedule. Although Defendants knew Mr. Seaver would have to leave the training early, Jeff Norford, VP of Sales at FFP was not happy and told Mr. Seaver so. Mr. Seaver was later told that his decision to leave the training to attend a medical appointment was a "bad move on your part".

18. In February 2020, Mr. Norford, and Mr. Schwartz (CEO), had one or more phone conversations about the cost of Mr. Seaver's health insurance expenses. For example, Mr. Seaver overheard them on a phone call discussing the new healthcare plan and heard the words "Seaver" and "expensive employee to maintain," which is believed to stem from both his age and his disabilities.

19. Mr. Norford informed Mr. Seaver of his termination on or about April 8, 2020, stating cost cutting measures and the COVID-19 pandemic were the reasons for his termination. However, one individual retained in Defendants' Outside Sales Department informed Mr. Seaver that Mr. Norford mentioned that Defendants were looking for "someone in their 40s" to fill Mr. Seaver's position.

20. The two other sales employees lateral to Mr. Seaver, and only slightly younger than him, and believed to be without health conditions or disabilities, were retained by Defendants.

21. Mr. Seaver found out that immediately after he was terminated, around the week of April 13, 2020, Todd Marchefka of FFP, reached out to one of Mr. Seaver's co-workers, Robert Scarpato, who is in his mid-thirties, to see if he would be interested in filling Mr. Seaver's position. Mr. Scarpato apparently declined. Defendants never reached out to Mr. Seaver to return to work.

22. In June 2020, Defendants posted an opening for Mr. Seaver's position on Indeed and LinkedIn. Clearly the "cost cutting" by cutting the position was a pretext for illegal discrimination.

23. Mr. Seaver was terminated shortly before his bonus of approximately $20,000.00 to $45,000.00 was to be paid, as it was due in July for the year ending June 30, 2020. Prior to his termination, Mr. Seaver had been working on a $200,000.00 order, which Defendants received approximately one-week after Mr. Seaver was terminated, which order would have gone toward his bonus. Terminating Mr. Seaver before his bonus, was discriminatory and also on purpose and a breach of contract and/or breach of good faith and fair dealing.

24. Mr. Seaver also asserts a claim for violation of the FMLA, because by terminating him Defendants interfered with his right to take FMLA, which was likely also based on his various health conditions and disabilities, as he could reasonably be presumed to have the need to avail himself of this benefit in the future.

6

EXHIBIT 1 - Page 6 of 15

25. Mr. Seaver was terminated in part to interfere with his right to take FMLA, and in retaliation for him having taken leave time which would qualify as FMLA leave, for his medical conditions and/or disabilities.

26. Defendants knew, or should have known, that their actions described herein were illegal. Defendants' actions were done with reckless disregard and/or were grossly negligent; were done contrary to the law and done knowingly, maliciously, with reckless indifference to Plaintiff's protected rights, and were extreme and/or outrageous, egregious and wanton, thus justifying an award of enhanced/liberal compensatory damages and/or punitive damages.

27. Mr. Seaver claims all damages allowed to him by law, including but not limited to liberal/enhanced compensatory damages, punitive damages, lost wages and benefits (past and future), additional and unpaid bonus money (including future bonuses as lost wages), damages for emotional distress, embarrassment, humiliation, aggravation, anxiety, loss of sleep, loss of reputation, attorney's fees, costs, all pre-judgment interest, and an amount to compensate for any negative tax consequences that result from any judgment or decision. Mr. Seaver also requests all damages as allowed by law, as well as all equitable relief to which he may be entitled.

## COUNT I
## DISABILITY DISCRIMINATION INCLUDING
## HARASSMENT/ HOSTILE WORK ENVIRONMENT AND TERMINATION
## NH RSA 354-A, et seq., and
## THE AMERICANS WITH DISABILITIES ACT, AS AMENDED (ADAAA)

28. Mr. Seaver incorporates herein each and every allegation elsewhere in the Complaint as if fully set forth herein, and further states as follows:

29. Mr. Seaver is a person with disabilities and a record thereof, and/or was regarded as having disabilities, including but not limited to Crohn's disease, type 2 diabetes and melanoma, of which Defendants were well aware.

30. Mr. Seaver's conditions and underlying health issues, constitute disabilities within the meaning of the ADA/ADAAA and NH RSA 354-A.

31. These conditions, singly or in combination, at times affected his ability to work, his digestive system and other bodily systems, which constitute major life activities.

32. In spite of said disabilities, Mr. Seaver could and did perform the essential functions of his job without reasonable accommodations, except he occasionally needed a reasonable accommodation of using earned leave time, or to take available FMLA leave.

33. Defendants attempted to fill Mr. Seaver's position by soliciting a younger employee to take it, and then by advertising his position as available.

34. Mr. Seaver was harassed for leaving a meeting on schedule to attend a medical appointment, which constituted harassment.

35. Said discrimination all created a hostile work environment due to his disabilities.

36. Mr. Seaver was allegedly fired due to having lower sales numbers, however employees without serious problems with their health, or disabilities, were retained, who had lower numbers than Mr. Seaver. In addition, he believes the other workers received more commission than he did, even though his numbers were better than theirs.

37. Mr. Seaver asserts that the treatment he received, including but not limited to terminating him constituted discrimination on the basis of disability.

38. The reasons for Mr. Seaver's termination may have intersected with discrimination and termination on the basis of his age, as described herein. This means that the protected categories alone, or combined, were the basis for the discrimination.

39. The disability discrimination, harassment and termination as described herein, was contrary to the law, namely NH RSA 354-A, et seq., and the ADA, as amended (ADAAA).

40. Mr. Seaver claims said discrimination caused him damages as set forth elsewhere herein, and he claims all damages as allowed by law.

41. Mr. Seaver also claims all equitable relief to which he is entitled, including but not limited to reinstatement, payment of his earned bonus, additional training on discrimination and retaliation for staff, supervisors, and human resources of Defendants.

## COUNT II
## RETALIATION, INCLUDING TERMINATION
## NH RSA 354-A, et seq., and
## THE AMERICANS WITH DISABILITIES ACT, AS AMENDED (ADAAA)

42. Mr. Seaver incorporates herein each and every allegation raised elsewhere in the Complaint as if fully set forth herein and further states as follows:

43. Defendants retaliated against Mr. Seaver for exercising his rights under RSA 354-A, and the ADAAA, specifically for communicating about his disabilities/medical conditions and their effect on him, and taking time off for them, which time should have been made available to him without objection.

44. The retaliation is described above and includes, but is not limited to, frowning upon and complaining about Mr. Seaver taking time off work to attend necessary medical appointments, informing Mr. Seaver when he had to leave a training seminar early due to a necessary medical appoint he "was making a bad move", falsely accusing Mr. Seaver or poor sales numbers when in actuality all sales representatives' numbers were down company-wide and in particular those of Mr. Seaver's co-sales representatives, and ultimately terminating him, all of which are contrary to the ADA/ADAAA and NH RSA 354-A as done on the basis of his disability, record of disability or regarding him as having a disability.

45. Mr. Seaver claims said retaliation including termination caused him damages as set forth elsewhere herein, and he claims all damages as allowed by law.

46. Mr. Seaver also claims all equitable relief to which he is entitled, including but not limited to reinstatement, and additional training on discrimination and retaliation for staff, supervisors, and human resources of Defendants.

## COUNT III
## NH RSA 354-A, et seq. and the
## AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) 29 USC §623(a)(1), et seq.
## AGE DISCRIMINATION, INCLUDING TERMINATION

47. Mr. Seaver incorporates herein each and every allegation elsewhere in the Complaint as if fully set forth herein, and further states as follows:

48. At all times relevant to this action, Mr. Seaver was over 40 years of age.

49. Mr. Seaver was at all times qualified to perform the functions of his position and performed his job well.

50. NH RSA 354-A, et seq., and the Age Discrimination in Employment Act (ADEA) prohibit discrimination, less favorable conditions of employment, and termination on the basis of age, over 40.

51. Defendants falsely claimed, as a pretext, that Mr. Seaver was terminated because his sales numbers were allegedly down, when in fact none of the sales territories were meeting their sales numbers, and in particular the two younger sales representatives he worked with were not meeting their numbers and they remained employed by Defendants.

52. Mr. Seaver asserts that the treatment he received as described herein was on the basis of his age, and constituted age discrimination, contrary to NH RSA 354-A, et seq. and the ADEA.

53. The reason for this discriminatory treatment also intersects with the basis of disability as described above, meaning that the protected categories alone, or combined, were the basis for the discrimination.

54. Due to age discrimination, Mr. Seaver was terminated at age 58, and Defendants attempted to replace him with a significantly younger worker, never calling Mr. Seaver back to work.

55. Mr. Seaver claims the age discrimination described in this Complaint has caused him damages as set forth herein, and he claims all damages as allowed by law.

56. Mr. Seaver claims all damages as allowed by law, and all equitable relief to which he is entitled.

## COUNT IV
### FAMILY MEDICAL LEAVE ACT (FMLA) 29 U.S.C. §2601, et seq. VIOLATION INCLUDING INTERFERENCE AND RETALIATION

57. Mr. Seaver incorporates herein each and every allegation raised elsewhere in the Complaint as if fully set forth herein and further states as follows:

58. Mr. Seaver was qualified for FMLA leave as he worked more than 1250 hours in each calendar year. He took leave time, which would qualify as FMLA, for his various health conditions and disabilities, including for blood clots and kidney failure. Defendants have admitted that at least some of Mr. Seaver's leave was FMLA leave.

59. Mr. Seaver was out of work on leave for a total of approximately 10 -11 weeks while employed by Defendants.

60. Defendants retaliated against Mr. Seaver for exercising his rights to leave, which would qualify under the FMLA. Ms. Seaver believes not only was he terminated due to his age, but also due to his disabilities and for exercising his rights to leave, and to prevent him from using these leave rights in the current or future years.

61. Defendants' actions were done knowingly and willfully in violation of the FMLA, and caused Mr. Seaver damages.

62. Mr. Seaver claims damages which are within the jurisdictional limits of this Court. Plaintiff claims all damages as allowed by law, and as described elsewhere herein, and all equitable relief to which he is entitled.

### COUNT V
### WRONGFUL DISCHARGE

63. Mr. Seaver incorporates herein each and every allegation raised elsewhere in the Complaint as if fully set forth herein and further states as follows:

64. Defendants terminated Mr. Seaver on the basis of his disabilities and age and for exercising his rights to leave time associated with his disabilities, which was contrary to RSA 354-A, Title VII, the ADAA, and FMLA.

65. Defendants' termination of Mr. Seaver constitutes a wrongful discharge.

66. Mr. Seaver claims said wrongful discharge has caused him damages as set forth elsewhere herein, and he claims all damages as allowed by law.

67. Mr. Seaver also claims all equitable relief to which he is entitled, as described elsewhere herein.

### COUNT VI
### WAGE CLAIM
### NH RSA 279 et seq.

68. Mr. Seaver incorporates herein each and every allegation raised elsewhere in the Complaint as if fully set forth herein and further states as follows:

69. At the time of his termination Mr. Seaver was owed $20,000.00 - $45,000.00, if not more, in unpaid bonus money, but payment was not made.

70. Mr. Seaver was terminated shortly before his bonus of approximately $20,000.00 to $45,000.00 was to be paid as it was due in July for the year ending June 30, 2020. Prior to his termination, Mr. Seaver had been working on a $200,000.00 order, which Defendants are

believed to have received approximately one-week after Mr. Seaver was terminated, which order would have gone towards his bonus.

71. Mr. Seaver maintains that Defendants willfully and without just cause refused to pay him his bonus when due, and requests an accounting of the wages due to him, and claims all such wages and bonuses due to him.

72. Mr. Seaver maintains he is entitled to liquidated damages in an additional amount equal to the amount of unpaid wages under RSA 275:44 IV due to Defendants' willful non-payment of the wages/bonus due.

73. Mr. Seaver is also entitled to reasonable attorneys' fees and costs and interest for recovering the unpaid wages, which he claims is due to him from Defendants.

74. Mr. Seaver claims all wages, liquidated damages, and attorneys' fees which are due to him.

## COUNT VIII
## BREACH OF CONTRACT

75. Mr. Seaver incorporates herein each and every allegation raised elsewhere in the Complaint as if fully set forth herein and further states as follows:

76. Mr. Seaver received an offer letter from Defendants, which he accepted. The offer letter stated, among other things, Mr. Seaver would initially receive a beginning base salary of $130,000.00 along with the opportunity for a bonus up to $32,500.00 in his first year. Bonuses were to be part of Mr. Seaver's on-going wages.

77. Due to his sales in 2020, Mr. Seaver was to receive a bonus of approximately $20,000.00-$45,000.00 which Defendants failed to pay.

78. The offer letter (a contract) was in writing, and therefore there was a meeting of the minds, with offer, acceptance, and consideration in the nature of Mr. Seaver's agreement to

become employed and continued employment.

79. Mr. Seaver performed his end of the contract until unlawfully terminated by Defendants.

80. Defendants breached the terms of said contract, which has caused Mr. Seaver damages up to the full amount of the contract, whether or not those amounts also constitute damages under the discrimination claims, which he alleges they do.

81. Mr. Seaver claims all damages caused by the breach of this contract and as allowed by law, and all equitable relief to which he is entitled.

WHEREFORE, Plaintiff, William Seaver, prays this Honorable Court, and as appropriate a jury, award and/or order the following relief:

A. Back wages, together with lost fringe benefits and any other benefits, which Mr. Seaver would have earned;

B. Future wages, fringe benefits, and other lost benefits;

C. Liquidated damages;

D. Enhanced/liberal compensatory damages;

E. Punitive damages;

F. Reasonable attorney fees, interest and costs;

G. An amount to be awarded by the Court to make up for any adverse tax consequences due to any judgment or award;

H. All damages which are available under the above-cited laws;

I. All available pre-judgment and post-judgment interest;

J. All equitable relief to which Plaintiff is entitled including, but not limited to, reinstatement, training in discrimination and harassment for staff, supervisors, and HR; and

K. Such other and further relief as is just and equitable.

Respectfully submitted,
**WILLIAM SEAVER, Plaintiff**
By his attorney

Dated: February 24, 2023        /s/ Leslie H. Johnson
Leslie H. Johnson, Esquire - #5545
LAW OFFICE OF LESLIE H. JOHNSON, PLLC
PO Box 265
Center Sandwich, NH 03227
603.284.6600
leslie@lesliejohnsonlaw.com